# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 21-262V
UNPUBLISHED

|  |  |
|---|---|
| GUADALUPE SOLIS, | Chief Special Master Corcoran |
| Petitioner, | Filed: October 17, 2025 |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Nathaniel Trager, U.S. Department of Justice, Washington, DC, for Respondent.*

**RULING ON ENTITLEMENT**[1]

On January 7, 2021, Guadalupe Solis filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccine administered on October 9, 2018. Petition at 1.

For the reasons set forth below, I find Petitioner is entitled to compensation.

---

[1] In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

## I.      Procedural History

Petitioner filed this matter on January 7, 2021. Respondent filed a Rule 4(c) Report opposing compensation on July 26, 2023. Respondent's Rule 4(c) Report ("Report"), ECF No. 30. Respondent argues that Petitioner cannot meet the Table requirements for a SIRVA claim. *Id.* at 5-6. On August 19, 2024, Petitioner filed a motion for a ruling on the record in favor of the claim. Motion for Ruling on the Record with Regard to Entitlement (Motion) ("Mot."), ECF No. 40. Respondent filed a response on October 21, 2024. Response to Motion for Ruling on the Record with regard to Entitlement ("Opp."), ECF No. 42. Petitioner filed a reply on October 28, 2024. Petitioner's Reply to Respondent's Response to Petitioner's Motion for Ruling on the Record with Regard to Entitlement ("Reply"), ECF No. 43. The matter is ripe for resolution.

## II.     Factual Background

Petitioner's pre-vaccination medical history includes two motor vehicle accidents that resulted in bilateral shoulder pain, one in 2013 and another on August 13, 2017. Ex. 3 at 12, 116-19. Following the 2017 accident, Petitioner was diagnosed with bilateral shoulder impingement syndrome "due to a strain/sprain of Rotator cuff L>R and associated shoulder structures." Ex. 3 at 122. He attended 29 physical therapy sessions between August 31 and December 20, 2017. Ex. 3 at 14. Petitioner saw an orthopedic surgeon on December 12, 2017. Ex. 10 at 4. He had "no concerns" at that time, and stated his shoulder discomfort and range of motion had improved. Ex. 10 at 8. At his last physical therapy appointment on December 20, 2017, Petitioner's symptoms were described as intermittent, and that he was "improved to 90-95%". Ex. 3 at 12-13. However, he showed positive impingement signs, mild weakness, and mild pain. *Id.* at 14. He was assessed as meeting his "maximum medical improvement" at that time. Ex. 3 at 14.

On October 9, 2018, Petitioner received a flu vaccine, and the administration record indicates it was administered in his left deltoid. Ex 1. Three days later, Petitioner complained at an urgent care facility of "*right* upper arm pain since receiving his annual flu shot 3 days ago." Ex. 9 at 24-25 (emphasis added). He also specified that he "developed pain in his right upper extremity 2 hours after the injection was given." *Id.* at 25. He visited his primary care providers on October 15, 2018, reporting right arm pain from his neck "all the way down the arm" since the vaccination. Ex. 4 at 13.

On October 31, 2018, Petitioner attended an initial physical therapy evaluation, reporting "acute right shoulder pain following [] a flu shot in the right shoulder." Ex. 2 at 64. His diagnoses included impingement syndrome and pain. *Id.* At that time he showed

decreased range of motion, reduced strength, and increased pain. Between October 31, 2018 and April 20, 2019, Petitioner attended 35 physical therapy sessions. *Id.* at 1-86. Upon discharge, he reportedly felt "[s]lightly better" compared to a year prior and was preforming at his "prior level of function." *Id.* at 7, 8.

Petitioner next sought care for shoulder pain over six months later, on November 8, 2019, when he returned to physical therapy. Ex. 6 at 24. He reported "a year ago he had a flu shot and subsequently was very limited due to severe right shoulder pain" that suddenly increased "a few weeks ago". *Id.* Between November 8 and December 23, 2019 Petitioner attended ten additional physical therapy sessions. *Id.* at 7-25, 33.

### III.    Affidavit Evidence

Petitioner filed a signed declaration in support of his claim on September 16, 2021. Ex. 8. Petitioner states that he received the flu vaccine in his right shoulder and began to feel intense pain within 20 minutes. *Id.*

### IV.    Legal Standard

Pursuant to Vaccine Act Section 13(a)(1)(A), a petitioner must prove, by a preponderance of the evidence, the matters required in the petition by Vaccine Act Section 11(c)(1). In addition to requirements concerning the vaccination received, the duration and severity of petitioner's injury, and the lack of other award or settlement,[3] a petitioner must establish that he suffered an injury meeting the Table criteria, in which case causation is presumed, or an injury shown to be caused-in-fact by the vaccination he received. Section 11(c)(1)(C).

The most recent version of the Table, which can be found at 42 C.F.R. § 100.3, identifies the vaccines covered under the Program, the corresponding injuries, and the time period in which the particular injuries must occur after vaccination. Section 14(a). Pursuant to the Vaccine Injury Table, a SIRVA is compensable if it manifests within 48 hours of the administration of an influenza vaccine. 42 C.F.R. § 100.3(a)(XIV)(B). A vaccine recipient shall be considered to have suffered SIRVA if such recipient manifests all of the following:

---

[3] In summary, a petitioner must establish that he received a vaccine covered by the Program, administered either in the United States and its territories or in another geographical area but qualifying for a limited exception; suffered the residual effects of his injury for more than six months, died from his injury, or underwent a surgical intervention during an inpatient hospitalization; and has not filed a civil suit or collected an award or settlement for his injury. *See* § 11(c)(1)(A)(B)(D)(E).

(i) No history of pain, inflammation or dysfunction of the affected shoulder prior to intramuscular vaccine administration that would explain the alleged signs, symptoms, examination findings, and/or diagnostic studies occurring after vaccine injection;

(ii) Pain occurs within the specified time frame;

(iii) Pain and reduced range of motion are limited to the shoulder in which the intramuscular vaccine was administered; and

(iv) No other condition or abnormality is present that would explain the patient's symptoms (*e.g.*, NCS/EMG or clinical evidence of radiculopathy, brachial neuritis, mononeuropathies, or any other neuropathy).

42 C.F.R. § 100.3(c)(10).

A special master must consider, but is not bound by, any diagnosis, conclusion, judgment, test result, report, or summary concerning the nature, causation, and aggravation of petitioner's injury or illness that is contained in a medical record. Section 13(b)(1). "Medical records, in general, warrant consideration as trustworthy evidence. The records contain information supplied to or by health professionals to facilitate diagnosis and treatment of medical conditions. With proper treatment hanging in the balance, accuracy has an extra premium. These records are also generally contemporaneous to the medical events." *Cucuras v. Sec'y of Health & Hum. Servs.*, 993 F.2d 1525, 1528 (Fed. Cir. 1993).

Accordingly, where medical records are clear, consistent, and complete, they should be afforded substantial weight. *Lowrie v. Sec'y of Health & Hum. Servs.*, No. 03-1585V, 2005 WL 6117475, at *20 (Fed. Cl. Spec. Mstr. Dec. 12, 2005). However, the Federal Circuit has recently "reject[ed] as incorrect the presumption that medical records are always accurate and complete as to all of the patient's physical conditions." *Kirby v. Sec'y of Health & Hum. Servs.*, 997 F.3d 1378, 1383 (Fed. Cir. 2021). Medical professionals may not "accurately record everything" that they observe or may "record only a fraction of all that occurs." *Id.*

Medical records may be outweighed by testimony that is given later in time that is "consistent, clear, cogent, and compelling." *Camery v. Sec'y of Health & Hum. Servs.*, 42 Fed. Cl. 381, 391 (1998) (citing *Blutstein v. Sec'y of Health & Hum. Servs.*, No. 90-2808, 1998 WL 408611, at *5 (Fed. Cl. Spec. Mstr. June 30, 1998). The credibility of the individual offering such testimony must also be determined. *Andreu v. Sec'y of Health &*

*Hum. Servs.*, 569 F.3d 1367, 1379 (Fed. Cir. 2009); *Bradley v. Sec'y of Health & Hum. Servs.*, 991 F.2d 1570, 1575 (Fed. Cir. 1993).

## A. Site of Vaccination

Respondent contends that although Petitioner alleges a right-side SIRVA, the vaccine record states he received the flu vaccine in his left arm. Opp. at 5-6. Respondent's reading of the administration record is literally correct (Ex. 1 (stating the vaccine was administered in Petitioner's left arm)), but his argument does not take into account the totality of the evidence, which supports a right-side vaccine-related injury.

The medical records establish that Petitioner consistently and repeatedly reported to treaters right shoulder pain related to the relevant vaccination. *See*, *e.g.*, Ex. 9 at 24 (record from October 12, 2018, reporting right arm pain developed "2 hours after the injection was given"); Ex. 9 at 25 (reporting right Sholder pain that began immediately after flu vaccine); Ex. 2 at 64 (record from October 31, 2018 stating "acute right shoulder pain…following receiving a flu shot in the right shoulder").

These records provide sufficient evidence that the vaccination was likely administered in Petitioner's right arm. The subsequent treatment records gain strength as well given their temporal proximity to the date of vaccination, with communications describing the events within three days of his vaccination.

## B. Factual Findings Regarding a Table SIRVA

After a review of the entire record, I find that a preponderance of the evidence demonstrates that Petitioner has satisfied the QAI requirements for a Table SIRVA.

### 1. Petitioner Had No Prior Right Shoulder Condition or Injury that Would Explain his Symptoms

The first requirement for a Table SIRVA is a lack of problems associated with the affected shoulder prior to vaccination that would explain the symptoms experienced after vaccination. 42 C.F.R. § 100.3(c)(10)(i). Respondent claims that Petitioner had a history of bilateral shoulder pain following two motor vehicle accidents. Opp. at 3-4. Further, when he stopped treating in December of 2017 he had not fully recovered and was assessed as meeting his maximum medical improvement at only 90-95% improvement. *Id.* at 4 (citing Ex. 3 at 14).

The records show that Petitioner had no limitations as of December 20, 2017. Ex. 3 at 12-14. Further, until October 2018 (immediately after the vaccination in question), Petitioner did not report, or seek treatment for, any shoulder issues. Moreover, Petitioner consistently linked his shoulder pain to the vaccination in his right left shoulder, and not any prior lingering shoulder problems related to the earlier motor vehicle accidents. Ex. 9 at 1, 3. This provides further evidence that any prior condition does not explain the symptoms associated with Petitioner's SIRVA.

### 2. Onset of Petitioner's Injury Occurred within Forty-Eight Hours of his Vaccination

Petitioner's pain occurred within forty-eight hours of vaccination. Ex. 9 at 24-25. Respondent does not contest this aspect of Petitioner's claim. Accordingly, there is preponderant evidence that establishes the onset of Petitioner's right shoulder pain more likely than not occurred within 48-hours of vaccination.

### 3. Petitioner's Pain was Limited to his Right Shoulder

Respondent claims that Petitioner cannot establish that his pain was limited to his shoulder because he also reported pain that radiated from his neck to down his arm. Opp. at 5-7. While Respondent's argument has merit, it ultimately fails to rebut Petitioner's Table showing.

The record contains a report of non-shoulder pain that radiated down Petitioner's arm. Ex. 4 at 13. However, the majority of treatment records consistently demonstrate Petitioners pain was limited to his shoulder. Ex. 9 at 24-25; Ex. 2 at 64; Ex. 6 at 24. The mere existence of such record complaints does not defeat a showing that Petitioner not only did experience shoulder-specific pain, but that most of his complaints and treatment efforts were aimed at that. Accordingly, preponderant evidence supports this Table element as well.

### 4. There is No Evidence of Another Condition or Abnormality

The last criteria for a Table SIRVA state that there must be no other condition or abnormality which would explain a petitioner's current symptoms. 42 C.F.R. § 100.3(c)(10)(iv). Respondent does not contest this aspect of Petitioner's claim. Accordingly, preponderant evidence supports this Table element as well.

### C. Other Requirements for Entitlement

In addition to establishing a Table injury, a petitioner must also provide preponderant evidence of the additional requirements of Section 11(c). Respondent does not dispute that Petitioner has satisfied these requirements in this case, and the overall record contains preponderant evidence to fulfill these additional requirements. Petitioner has therefore established that he suffered a Table SIRVA. Additionally, he has satisfied all other requirements for compensation. I therefore find that Petitioner is entitled to compensation in this case.

### Conclusion

**In view of the evidence of record, I find that there is preponderant evidence that Petitioner satisfies the QAI requirements for a Table SIRVA. Further, based on the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master